On appellant's motion for clarification of opinion filed March 29 and on respondents' answer filed April 10; motion for clarification allowed, former opinion (72 Or App 465, 696 P2d 556) adhered to June 5, 1985

# KLEINER,
*Appellant,*

*v.*

# RANDALL et al,
*Respondents.*

## (79-08-7666E; CA A28817)

701 P2d 458

James N. Westwood and Dennis P. Rawlinson, Portland, appeared for the motion.

Milo Pope, Mt. Vernon, appeared contra.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

■ In *Kleiner v. Randall,* 72 Or App 465, 696 P2d 556 (1985), we held, in part, that plaintiff is entitled to credit $150,007 against the principal balance remaining on certain land sale contracts with defendants, because defendants failed and refused to pay their agreed share of excess well drilling expense, which plaintiff paid. Plaintiff asks that we clarify our opinion by specifying the effective date of that credit, arguing that the effective date should be no later than November 28, 1978. Plaintiff paid defendants' share of those excess expenses over a period of several months; the last payment was made on November 28, 1978. We conclude that the date when the final payment was made is the appropriate date to apply the credit; defendants do not contend otherwise.

■ Plaintiff contends that interest should accrue on those payments at the rate specified in the land sale contracts, namely 15 percent. Defendants argue that the interest should be computed at 6 percent, the statutory rate then in effect. ORS 82.010 (since *amended by* Or Laws 1979, ch 794, § 91). The trial court found, and defendants agree, that the well drilling agreement is part of the March 6, 1978, land sale contract. That contract expressly provides that, if the seller failed to satisfy specified underlying mortgages or security interests encumbering the property, plaintiff could do so and the amounts he so paid would be applied to the principal at the 15 percent rate. However, the contract makes no similar provision for payments of excess well drilling costs. There is no evidence in the record that the parties intended that any excess well drilling expenses paid by plaintiff were to be governed by the interest rate expressed in the March 6 contract. Under these circumstances, we conclude that interest should accrue on those payments at 6 percent from November 28, 1978, until July 26, 1979, the effective date of Or Laws 1979, ch 794, § 91, and at 9 percent thereafter. Those are the rates that would apply if plaintiff had simply sought a money judgment for damages for defendants' breach of the well drilling agreement and was awarded pre-judgment interest.[1]

---

[1] Because defendants agree that the credit to plaintiff is due as of November 28, 1978, which is prior to the judgment herein, it has conceded that plaintiff is entitled to pre-judgment interest.

Plaintiff's motion for clarification is allowed; the effective date of the $150,007 credit is November 28, 1978, and interest accrues thereon at 6 percent from that date until July 26, 1979, and at 9 percent thereafter.