Argued and submitted November 13, 1985, reversed and remanded June 4, 1986

# BURTON COMPRESSOR CORP.,
*Plaintiff - Respondent,*

*v.*

# STATELINE FOREST PRODUCTS, INC.,
*Defendant - Respondent,*

# WALTER E. HELLER WESTERN INCORPORATED,
*Intervenor - Appellant.*

(16-84-06793; CA A34961)

720 P2d 386

Joseph M. VanLeuven, Portland, argued the cause for intervenor - appellant. With him on the briefs was Black, Tremaine, Lankton, Krieger & Schmeer, Portland.

Wilson C. Mulheim, Eugene, argued the cause for respondent Burton Compressor Corp. With him on the brief were Diane L. Brissenden and Hershner, Hunter, Miller, Moulton & Andrews, Eugene.

Douglas P. Cushing, Medford, waived appearance for respondent Stateline Forest Products, Inc.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

In this action for claim and delivery, the dispositive issue is whether a "Rental Purchase Agreement" between plaintiff and defendant, under which defendant took possession of an industrial air compressor, is a pure lease or whether it is really a contract of sale, under which plaintiff reserved only a security interest. If it is a true lease, plaintiff's interest in the compressor is superior to that of intervenor's. If it is not, intervenor's right to the compressor is superior by virtue of its prior perfected security interest in all of defendant's machinery and equipment.[1]

On May 8, 1984, plaintiff delivered an air compressor to defendant pursuant to the terms of a rental purchase agreement. Shortly thereafter, defendant defaulted on its obligations under the agreement, and plaintiff commenced this action, which, in turn, was temporarily stayed when defendant filed a voluntary petition in bankruptcy. Relief from the stay was granted by the bankruptcy judge on the ground that plaintiff's interest under the agreement was that of a lessor. Thereafter, plaintiff's motion for summary judgment in this action was granted, and intervenor's similar motion was denied. From the final judgment for plaintiff, intervenor appeals.

■■ Whether a lease is a "true" lease or one intended as security depends on the intention of the parties as determined by the facts of each case. *All-States Leasing v. Ochs,* 42 Or App 319, 600 P2d 899 (1979). If the lessee has the option to obtain the leased property for no additional consideration or for a nominal consideration at the end of the rental period, the lease is intended for security. ORS 71.2010(37); *Peco, Inc. v. Hartbauer Tool & Die Co.,* 262 Or 573, 500 P2d 708 (1972).[2] If

---

[1] Although plaintiff filed a financing statement pursuant to ORS 79.4023, it was filed too late, apparently, to invoke the protection afforded purchase money security interests under ORS 79.3120(4). *See* ORS 79.1070.

[2] In *Peco, Inc. v. Hartbauer Tool & Die Co., supra,* the court said:

"ORS 71.2010(37) provides standards for determining whether a lease is truly a lease or was intended as a security interest. That section provides:

" ' "Security interest" means an interest in personal property or fixtures which secures payment or performance of an obligation. * * * Unless a lease or consignment is intended as security, reservation of title thereunder is not a "security interest" * * *. Whether a lease is intended as security is to be

not, other factors must be considered, such as, (1) whether the lessee acquires any equity in the property, (2) whether the lessee is required to bear the entire risk of loss, (3) whether the lessee is required to pay all charges and taxes imposed on ownership, (4) whether there is a provision for accelerating rent payments upon default and (5) whether the property was purchased by the lessor specifically for lease to the lessee. *All-States Leasing v. Ochs, supra,* 42 Or App at 324.

■      Although most of the provisions of the agreement under consideration are those that would be contained in a true lease, the parties added these paragraphs:

"21.   If leasor [*sic*] receives applied loan from Oregon Business Development Loan Fund and picks up option to purchase compressor within 120 days, the sale price is $22,500.00.

"22.   If, however, loan from Oregon Business Development Loan Fund is not approved leasor [*sic*] agrees to pay $1,200.00 per month for a period of 24 months for a total purchase price of $28,800.00."

Under paragraph 21, defendant had an option to purchase the compressor within 120 days of the contract date for a sale price of $22,500, if defendant received the loan. The agreement does not say what the situation would be if defendant obtained the loan and did not exercise the option to purchase; presumably, *it would lease the equipment on a month-to-month basis for $1,200 per month,* as provided elsewhere in the document. If the loan were not approved, and it was not, paragraph 22 required defendant to pay "$1,200.00 per month

---

determined by the facts of each case; however, (a) the inclusion of an option to purchase does not of itself make the lease one intended for security, and (b) an agreement that upon compliance with the terms of the lease the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does make the lease one intended for security.'

"At first glance the provisions of the above section may be somewhat confusing, probably because they are stated in the inverse order of importance. However, upon a careful reading of the entire section it is clear that the first question to be answered is that posed by clause (b)—whether the lessee may obtain the property for no additional consideration or for a nominal consideration. If so, the lease is intended for security. If not, it is then necessary to determine 'by the facts of each case' whether the lease is intended as security and, in making that determination, the fact that the lease contains an option to purchase 'does not of itself make the lease one intended for security.'" 262 Or at 575.

for a period of 24 months for a total purchase price of $28,800.00." That appears to be an agreement to purchase for a specified price, payable in installments. However, even if we treat that provision as a lease, the "rental term" was 24 months, at the end of which defendant was to acquire full title to the compressor for no additional consideration.

We hold, therefore, that, as a matter of law, the agreement between plaintiff and defendant under paragraph 22 became a contract of sale when defendant's loan did not materialize, at which time it lost whatever claim it might have had to being a true lease.[3]

■ Plaintiff's contention that intervenor is collaterally estopped from contesting the true nature of the rental purchase agreement, because the issue was raised in the bankruptcy proceeding, is without merit. Intervenor was not permitted to participate at that proceeding and its interests were not represented adequately there by defendant, because intervenor's interests were adverse to those of defendant. *See Wolf v. DePuis,* 233 Or 317, 322, 378 P2d 707 (1963). Accordingly, intervenor is entitled to judgment as a matter of law.

Reversed and remanded for further proceedings not inconsistent with this opinion.

---

[3] Although it is unnecessary to consider further the intention of the parties to the agreement, we note that defendant was obligated under it to pay all costs associated with ownership of the compressor throughout the contract term and to bear the entire risk of loss.