In re 20TH CENTURY ENTERPRISES, INC.

The PEOPLES BANK AND TRUST COMPANY, Plaintiff,

v.

Henry J. APPLEWHITE, Trustee, for 20th Century Enterprises, Inc., Tishomingo County, By and Through the Tishomingo County Board of Supervisors, and 20th Century Enterprises, Inc., Defendants.

Bankruptcy No. 90–23698.
Adv. No. 91–2287.

United States Bankruptcy Court, N.D. Mississippi.

June 26, 1992.

Cynthia C. Etheridge, Gholson, Hicks and Nichols, Columbus, MS, for 20th Century Enterprises, Inc.

Stephen M. Corban, Mitchell, Voge, Beasley and Corban, Tupelo, MS, for the Peoples Bank and Trust Co.

Henry J. Applewhite, Aberdeen, MS, trustee.

Nicholas B. Phillips, Iuka, MS, for Tishomingo County By and Through the Tishomingo County Bd. of Sup'rs.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court are the motions for summary judgment filed by the plaintiff, The Peoples Bank and Trust Company, hereinafter referred to as Peoples Bank, and the defendant, Tishomingo County, by and through the Tishomingo County Board of Supervisors, hereinafter referred to as Tishomingo County; the parties having stipulated to all material facts; and the court having considered same, hereby finds as follows, to-wit:

### I.

The court has jurisdiction of the parties to and the subject matter of this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (K), and (O).

### II.

The parties have stipulated to all of the material factual circumstances as follows:

(a) The items of equipment that are the subject of this adversary proceeding are more particularly described in a bill of sale from Jimmy Timms to Tishomingo County, a copy of which is attached to the stipulation as Exhibit "A" (hereinafter, "the equipment"), which equipment is currently in the possession of Tishomingo County.

(b) 20th Century Enterprises, Inc., hereinafter referred to as 20th Century, on or about April 12, 1990, executed and delivered to Peoples Bank a promissory note and security agreement, a copy of which is attached to the stipulation as Exhibit "B", whereby 20th Century promised to pay Peoples Bank the sum of $200,081.00, with interest thereon at the rate of 12% per annum and reasonable attorneys fees necessary for collection.

(c) In connection with the above described promissory note and security agreement, Peoples Bank caused to be filed with the Chancery Clerks of Chickasaw and Tishomingo Counties and the Mississippi Secretary of State Uniform Commercial Code financing statements which are attached to the stipulation as composite Exhibit "C".

(d) On August 18, 1989, Tishomingo County and 20th Century entered into a memorandum agreement, a copy of which is attached to the stipulation as Exhibit "D". Under the terms of the said memorandum agreement, Tishomingo County proposed to purchase from Jimmy Timms a manufacturing facility, consisting of certain real property, buildings, and equipment for a total price of $850,000.00. In return for Tishomingo County's purchase of the said facility, 20th Century agreed to lease the facility, including the equipment, at an annual rental sufficient to repay Tishomingo County's acquisition costs over a fifteen year period plus 4% interest. At the end of the fifteen year period, Tishomingo County agreed to sell the facility, including the equipment, to 20th Century for $100.00.

(e) Pursuant to the aforementioned memorandum agreement, Tishomingo County purchased the facility and equipment from Jimmy Timms on August 18, 1989, and on the same date entered into a lease-purchase agreement with 20th Century on the terms described in the memorandum agreement. A copy of the lease-purchase agreement is attached to the stipulation as Exhibit "E".

(f) The lease-purchase agreement was filed of record in the land records of Tishomingo County, Mississippi, on October 25, 1989, and is recorded in Book B–134, Page 680.

(g) The furnishings described in the memorandum agreement included the equipment described on Exhibit "A". The equipment was intended by 20th Century and Tishomingo County to be included in the property covered by the above mentioned lease-purchase agreement. Subsequent to the execution of the lease-pur-

chase agreement, 20th Century entered into possession of the premises and utilized the equipment in its manufacturing operation and continued to do so up and through the filing of its bankruptcy petition.

(h) Tishomingo County did not file a Uniform Commercial Code financing statement with either the Chancery Clerk of Tishomingo County, the Chancery Clerk of Chickasaw County, or the Mississippi Secretary of State prior to the bankruptcy filing by 20th Century.

By affidavit, Joe F. Simpson, Senior Vice President of Peoples Bank, attested to the fact that the promissory note executed by 20th Century had an outstanding balance of $108,275.20 in principal and interest as of April 21, 1992.

### III.

This adversary proceeding was initiated by the filing of a complaint by Peoples Bank seeking the following relief:

(a) A declaration that Peoples Bank has a valid and perfected security interest in the equipment which is superior to any claim of Tishomingo County;

(b) a declaration that Tishomingo County holds nothing more than a nonperfected security interest in the equipment which is junior to the perfected security interest of Peoples Bank; and

(c) an order requiring Tishomingo County to immediately surrender and/or deliver possession of the equipment to Peoples Bank.

By an order entered on March 9, 1992, the defendants, 20th Century, and Henry J. Applewhite, Trustee for 20th Century, agreed that they would be bound by the decision rendered in this proceeding.

### IV.

■ The primary issue that must be decided is whether the lease-purchase agreement executed by and between 20th Century and Tishomingo County is a *true lease* or a *lease intended as security.* This issue is statutorily addressed by § 75–1–201(37), Miss.Code Ann., which reads as follows:

(37) "Security interest" means an interest in personal property or fixtures which secures payment or performance of an obligation. The retention or reservation of title by a seller of goods notwithstanding shipment or delivery to the buyer (section 75–2–401) is limited in effect to a reservation of a "security interest." The term also includes any interest of a buyer of accounts or chattel paper which is subject to Chapter 9. The special property interest of a buyer of goods on identification of such goods to a contract for sale under section 75–2–401 is not a "security interest," but a buyer may also acquire "security interest," by complying with Chapter 9. Unless a lease or consignment is intended as security, reservation of title thereunder is not a "security interest" but a consignment is in any event subject to the provisions on consignment sales (section 75–2–326.) Whether a lease is intended as security is to be determined by the facts of each case; however, (a) the inclusion of an option to purchase does not of itself make the lease one intended for security, and (b) an agreement that upon compliance with the terms of the lease the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does make the lease one intended for security.

The transaction documentation is, for all practical purposes, silent as to its applicability to the equipment, but, as set forth in the stipulation, the parties have unequivocally agreed that the transaction did include the equipment. (Parenthetically, this question was verified by the court through a telephone conference with the parties' attorneys.) As such, if the lease-purchase agreement is a true lease, Tishomingo County is the owner of the equipment and would not be required to file any additional documentation to perfect its ownership. On the other hand, if the lease-purchase agreement is a lease intended for security, Tishomingo County would be required by law to file appropriate Uniform Commercial Code financing statements to perfect its security interest.

The total consideration paid by Tishomingo County for the real estate, furnishings, and equipment that were leased to 20th Century was $850,000.00. The lease-purchase agreement provided that 20th Century would pay 180 monthly installments in the sum of $6,287.75 each for a total consideration of $1,131,795.00. Section 4.a) of the agreement granted 20th Century an option to purchase the entire leased premises, including the land, buildings, fixtures, furnishings, and equipment, for only $100.00 after all of the 180 monthly installments were paid.

■ The court is of the opinion that § 75–1–201(37), Miss.Code Ann., is dispositive of this entire proceeding. A lease agreement which provides the lessee, upon compliance with the terms of the lease, with an option to purchase the entire leased premises for a nominal consideration makes the lease one intended for security. In this case, the option purchase price of $100.00 is obviously nominal. *See, James Talcott, Inc. v. Franklin Nat. Bank,* 292 Minn. 277, 194 N.W.2d 775, 780 (1972); *Stanley v. Fabricators, Inc.,* 459 P.2d 467, 470 (Alaska 1969); *Whitworth v. Krueger,* 98 Idaho 65, 558 P.2d 1026, 1029 (1976); *Peco, Inc. v. Hartbauer Tool and Die Co.,* 262 Or. 573, 500 P.2d 708, 710 (1972); *Kupka v. Morey,* 541 P.2d 740, 746 (Alaska 1975); and *Title Ins. Co. v. Construction Escrow Service, Inc.,* 675 S.W.2d 881, 888 (Mo.App.1984). *See also* Annotation, *Equipment Leases as Security Interest Within UCC § 1–201(37),* 76 A.L.R.3d 11 (1977).

Although the court does not need to go further, there are other factors which demonstrate that the lease-purchase agreement is a lease intended for security:

(a) The total of the financial obligations imposed on 20th Century under the lease-purchase agreement compensated Tishomingo County for the costs that it had expended in acquiring the real estate, furnishings, and equipment, i.e., $850,000.00, plus 4% interest.

(b) The acquisition of the property by Tishomingo County and its lease to 20th Century occurred on the same date.

(c) An amortization schedule was attached to the lease-purchase agreement reflecting the *interest* and *principal* amounts of each monthly installment.

(d) 20th Century was granted an option to acquire the leased premises at any time during the original term of the lease by paying to Tishomingo County the outstanding principal and interest then owed as reflected on the amortization schedule. This alternative is identical to the pre-payment of a promissory note without penalty.

(e) The responsibility for the payment of all insurance costs and taxes relative to the leased premises was delegated to 20th Century.

(f) The responsibility for the payment of all maintenance and upkeep expenses relative to the leased premises was delegated to 20th Century.

For all of the above reasons, the court is compelled to conclude that the lease-purchase agreement executed by and between Tishomingo County and 20th Century is not a true lease, but is a lease intended for security. As such, the transaction is subject to the provisions of the Miss.Uniform Commercial Code, i.e., § 75–9–101, et seq.

In order to perfect its security interest in the equipment, Tishomingo County, therefore, was obligated to file financing statements with the Chancery Clerk of Tishomingo County and the Secretary of State of the State of Mississippi in keeping with § 75–9–401, Miss.Code Ann. As stipulated, it did not do either.

To the contrary, Peoples Bank filed appropriate financing statements as required by law perfecting its security interest in the subject equipment. As such, its perfected security interest has priority over the unperfected security interest of Tishomingo County. See, § 75–9–301(1), Miss. Code Ann.

V.

■ In its memorandum of law, Tishomingo County advised the court that the Miss.Uniform Commercial Code is not applicable to a governmental unit because of

§ 75–9–104(e), Miss.Code Ann., which reads as follows:

This chapter does not apply

(e) to a transfer by a government or governmental subdivision or agency; ...

The court is of the opinion that this section is not applicable to the factual circumstances of this case because the pertinent transfer that would create the security interest would not be made by Tishomingo County but rather *to* Tishomingo County *by* 20th Century. Section 75–9–104(e), Miss.Code Ann., excludes transactions from coverage under the Uniform Commercial Code when the governmental agency is the debtor or borrower, not when it is the secured creditor. *See, In re Brazier Forest Products, Inc.*, 106 Wash.2d 588, 724 P.2d 970, 2 UCC Rep.Serv.2d 339 (1986), and *State of Alaska, Division of Agriculture v. Fowler*, 611 P.2d 58, 29 UCC Rep. Serv. 696 (Alaska 1980).

### VI.

■ Tishomingo County also argues that the recordation of the lease-purchase agreement afforded constructive notice of its interest in the equipment. This argument fails for three reasons:

A. Although the parties candidly agree that the lease-purchase agreement is applicable to the subject equipment, there is no mention of the equipment in the recorded agreement.

B. The lease-purchase agreement is recorded in the *land* records of Tishomingo County, Mississippi, not in the appropriate Uniform Commercial Code *personal* property records which is necessary to perfect a security interest in equipment. Section 75–9–401(2), Miss.Code Ann., cannot be stretched to the extent that the recordation of the lease-purchase agreement in the real property records is effectively a recordation in the Uniform Commercial Code records.

C. Nowhere in the factual stipulation, the motions for summary judgment, or the respective memoranda of law is there any factual indication that Peoples Bank had any notice, constructive or otherwise, that Tishomingo County had an ownership or security interest in the subject equipment.

### VII.

Summary judgment is proper if there is no genuine dispute as to any material facts and one party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In this proceeding, the parties have agreed that there are no material factual disputes, and the court has determined that, as a matter of law, the perfected security interest of Peoples Bank has priority over the unperfected security interest of Tishomingo County. Therefore, the motion for summary judgment filed by Peoples Bank is well taken and must be granted. The motion for summary judgment filed by Tishomingo County is not well taken and will be overruled.