**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 99-60253
Summary Calendar
_____

In The Matter of: DOLPHIN PRESS INC,

Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT BOUDREAUX,

Appellant,

versus

DOLPHIN PRESS INC,

Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
(1:98-CV-41-GR)

September 17, 1999

Before JOLLY, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Robert Boudreaux appeals from a final decision of the district court affirming the bankruptcy court's grant of summary judgment in favor of Dolphin Press Inc. ("Dolphin"). The district court found that Dolphin could avoid Boudreaux's security interest pursuant to 11 U.S.C. § 544. Boudreaux argues that the district court erred because the statute of limitations barred Dolphin from avoiding his secured interest, and because he has a perfected security interest in the solnar press. We review the district court's findings of fact for clear error and legal conclusions _de novo_. _See In re Locklin,_ 101 F.3d 435, 437-38 (5th Cir. 1996). We review determinations of state law _de novo_. _See_

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*id.* We affirm.

Boudreaux argues that Dolphin's action is barred by the two-year statute of limitations in § 546(a). *See* 11 U.S.C. § 546(a) (providing a two-year limitations period for an action pursuant to § 544). He argues that the two-year limitations period runs from the date that the Chapter 11 petition is filed. If this date is used, then Dolphin's action is barred by the limitations period, because it was filed one day late. Federal Rule of Bankruptcy Procedure 9006, however, specifies that the day of a triggering event for a deadline shall not be included in the computation of time under the Bankruptcy Code. *See* FED. R. OF BANKR. P. 9006. If the date on which Dolphin filed its Chapter 11 petition is excluded from the limitations period, then Dolphin's action was timely. Thus, we are unpersuaded that the limitations period bars Dolphin's action.

Boudreaux argues that Dolphin cannot avoid his secured interest, because he had a perfected security interest. Boudreaux admits that the financial statement was not filed with the office of the Secretary of the State. Boudreaux asserts, nonetheless, that the filing in the office of the Chancery Clerk of Harrison County, Mississippi, perfected his interest in the Solnar press. Under Mississippi Code § 97-9-401, the failure to file the statement with the Secretary of State means that his security interest was unperfected. *See* MISS. CODE ANN. § 75-9-401 (1998).

According to Boudreaux, he had a perfected secured interest in the press because Dolphin had actual knowledge of the contents of the financial statement. *See* MISS. CODE ANN. § 75-9-401(1)(d); *ITT Industrial Credit Co. v. Robinson,* 350 So.2d 48 (Miss. 1997); *Chrysler Credit Corp. v. Bank of Wiggins,* 358 So.2d 714 (Miss. 1977). Title 11 U.S.C. § 544(a) provides that a trustee has "strong arm powers" that allow the trustee to avoid an encumbrance that would be voidable by a bona fide purchaser "without regard to any knowledge of the trustee or of any creditor." 11 U.S.C. § 544(a). This Section eliminates the "actual knowledge" defense that might otherwise exist under state law. *See id.*; *In re Sandy Ridge Oil Co., Inc.,* 807 F.2d 1332, 1336 (7th Cir. 1986) (concluding that Congress did not intend the debtor-in-possession's knowledge of the mortgage to prevent it from asserting the strong arm clause, "because actual knowledge is

irrelevant under § 544(a)").  Thus, Dolphin's actual knowledge of the financial statement does not prevent it from invoking § 544(a).

Boudreaux argues alternatively that, because the press is an office fixture, the fixture filing needed to be filed only in the Chancery Clerk's office to perfect the interest.  *See* MISS. CODE ANN. § 75-9-401(1)(b).  Even if the press were a fixture, the fixture filing was recorded in the Uniform Commercial Code records, and not in the land records where a mortgage of the Dolphin real estate would be recorded.  *See* MISS. COD. ANN. § 75-9-313(9)(b) (specifying that a security interest in fixtures is perfected against the real estate only when the filing or recording of an instrument constitutes constructive notice of such interest under the state laws that are applicable to the filing of real estate mortgages and deeds of trust).  Thus, under Mississippi Code § 75-9-313(1)(b), the security interest is unperfected.  *See In re 20th Century Enters., Inc.*, 152 B.R. 119, 123 (N.D. Miss. 1992) (concluding that recording an agreement in the real property records is not a recordation in the Uniform Commercial Code records).  Because Boudreaux's interest is unperfected, the trustee may void the interest.

For the foregoing reasons, we conclude that the district court correctly applied the law, and we AFFIRM the final decision of the district court.