**NATIONAL MANAGEMENT SERVICES, INC., an Oregon corporation, Plaintiff–Appellee,**

v.

**QWEST DEX, INC., a Colorado corporation, Defendant–Appellant.**

**National Management Services, Inc., an Oregon corporation, Plaintiff–Appellant,**

v.

**Qwest Dex, Inc., a Colorado corporation, Defendant–Appellee.**

Nos. 05–36226, 06–35002.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2006.

Filed Jan. 22, 2007.

Leslie M. Roberts, Esq., Josselson Potter & Roberts, Portland, OR, for Plaintiff–Appellee.

Michael H. Simon, Esq., Sarah J. Crooks, Esq., Perkins Coie, LLP, Portland, OR, for Defendant–Appellant.

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM *

Qwest Dex, Inc. appeals an evidentiary ruling made during the trial of a contract suit by National Management Services, Inc. NMS cross-appeals a denial of prejudgment interest. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm in both appeals.

█ The district court's limitation of the scope of Dex's cross-examination under Federal Rule of Evidence 608(b) was not an abuse of discretion. The court's ruling did not conflict with *United States v. Jackson*, 882 F.2d 1444 (9th Cir.1989), which interpreted Rule 608(b) to allow "the prosecutor [to] impeach Jackson with the information concerning" a prior misdeed. *Id.* at 1448. Here Dex was similarly permitted to cross-examine NMS's witness about the acts underlying his bar disciplinary

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

proceedings. The *Jackson* court permitted confrontation with a signed statement—itself not admitted into evidence—as to the witness's prior acts, *id.* at 1447–49, and Dex was analogously allowed to confront NMS's witness with questioning as to whether a proceeding had found that he had committed certain acts. The district court's exclusion of the nature of the proceedings, the entities involved, and the penalties imposed did not excise material that *Jackson* approved, and was not an abuse of discretion. *See* Fed.R.Evid. 608 advisory committee notes to 2003 amendments (disapproving of questioning on the consequences of prior acts).

■ NMS failed to establish a viable claim for prejudgment interest under Oregon Revised Statutes section 82.010(1)(a), which provides for interest on "[a]ll moneys after they become due." The "moneys" owed by Dex to NMS did not become "due" from Dex until NMS paid Dex's invoices. When NMS paid an amount smaller than Dex's original pre-commission bill, it was effecting two simultaneous transfers: a payment from NMS to Dex in the full amount of Dex's pre-commission bill, and a return payment from Dex to NMS in the amount of the commissions. Prior to this exchange, NMS was not entitled to any actual money from Dex, and the course of dealing between the parties does not suggest anything to the contrary. The cases cited by NMS do not support a different result. In those cases, the dates from which interest ran were the dates on which actual payments were made. *See, e.g., Key West Retaining Sys., Inc. v. Holm II, Inc.,* 185 Or.App. 182, 59 P.3d 1280, 1283, 1286–87 (2002) (allowing interest in Key West's favor to run from the date of Holm II's second payment to Key West, from which Holm II had incorrectly withheld too much); *Kleiner v. Randall,* 74 Or.App. 27, 701 P.2d 458, 459–60 (1985)

(allowing interest from the date plaintiff was given a credit, but linking that credit date to the date of the plaintiff's final, wrongfully required, payment on behalf of the defendants). We read Oregon law as requiring prejudgment interest to run only when money—rather than a credit—is due. NMS failed to introduce evidence establishing when it paid the Dex invoices. In the absence of this information, the court properly determined that it could not award prejudgment interest.

**AFFIRMED.**